UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNETTE ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:16-cv-1490-EFB<br><br><br><br>ORDER |

Plaintiff, proceeding pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff has filed a motion for remand (ECF No. 16), and the Commissioner has moved for summary judgment (ECF No. 17). For the reasons discussed below, plaintiff's motion is denied and the Commissioner's motion is granted.

I. BACKGROUND

Plaintiff filed an application for SSI, alleging that she had been disabled since June 5, 2011. Administrative Record ("AR") at 184-192. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 109-114, 118-122. On March 24, 2015, a hearing was held before Administrative Law Judge ("ALJ") Carol A. Eckersen. *Id.* at 29-78. Plaintiff had a non-attorney representative at the hearing, at which plaintiff and a vocational expert testified. *Id.*

1

On May 8, 2015, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1] *Id*. at 14-23. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since June 5, 2013, the application date (20 CFR 416.971 *et seq.*).

\* \* \*

2. The claimant has the following severe impairments: cognitive disorder (20 CFR 416.920(c)).

\* \* \*

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

\* \* \*

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the individual is capable of simple, repetitive tasks.

\* \* \*

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1982 and was 31 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963)

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

\* \* \*

10. The claimant has not been under a disability, as defined by the Social Security Act, since June 5, 2013, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 16-23.

Plaintiff's request for Appeals Council review was denied on June 23, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-5.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. ANALYSIS

Liberally construed, plaintiff' motion for remand argues that the ALJ erred by (1) not properly evaluating her mental impairments, (2) rejecting her allegations of debilitating back pain, and (3) finding she was not disabled based on the vocational expert's testimony. ECF No. 16 at 2-6.

A. The ALJ Properly Evaluated Plaintiff's Mental Impairments

Plaintiff's motion first suggests that the ALJ erred in evaluating her mental impairments. *Id*. at 2. Plaintiff notes that she was assessed a full scale IQ score of 72, and that two physicians, Dr. Stephany Sanchez and Dr. Pete Adams, determined that she had limitations that impaired her ability to maintain employment. *Id*.

Plaintiff was examined by Dr. Pete Adams to determine whether she had a learning disability. AR 348-354. Results from testing showed that plaintiff had a full scale IQ score of 72, which was in the borderline range. *Id.* at 351. Although her reading was at the sixth grade level and math was at fourth grade level, Dr. Adams concluded that plaintiff did not have a learning disability. *Id*. at 352, 354. Dr. Adams diagnosed plaintiff with borderline intellectual functioning, finding that her working memory was relatively weak and that "it would seem wise to take this into account with job placement." *Id*. at 354.

In assessing plaintiff's residual functional capacity ("RFC"), the ALJ accorded great weight to Dr. Adams's opinion, finding that it was consistent with moderate limitations in concentration, persistence, and pace, which warranted limiting plaintiff to simple and repetitive tasks. AR 21-22. Contrary to plaintiff's suggestion, the ALJ considered and adopted Dr. Adams's opinion in assessing plaintiff's mental limitations.

The ALJ also considered the opinion of Dr. Stephany Sanchez, who had treated plaintiff on two occasions. *Id*. at 21. In a treatment note, Dr. Sanchez stated that she believed plaintiff had "limitations in ability to have gainful employment in competitive work environment" AR 362. She also opined that plaintiff had "difficulty comprehending and carrying out detailed instructions which would ultimately limit her ability to perform certain higher level job functions." *Id*. at 410. The ALJ accorded some weight to Dr. Sanchez's opinion, finding that it was "generally consistent with the record." *Id*. at 21. Plaintiff's limitation to simple, repetitive tasks is consistent with Dr. Sanchez's opinion that plaintiff was limited in her ability to follow detailed instructions.

Lastly, the ALJ also gave great weight to the opinions of non-examining physicians Dr. Anna Franco, Psy.D., and Dr. Hillary Weiss, Ph.D. Both physicians opined that plaintiff had moderate limitations in understanding, remembering, and carrying out detailed instructions, but was not significantly limited in her ability to understand, remember, and carryout short and simple instructions. AR 86-87.

The medical opinion evidence supported the ALJ's determination that plaintiff was capable of performing simple, repetitive tasks. Accordingly, the RFC determination as to plaintiff's mental limitations is supported by substantial evidence.

B. <u>The ALJ Provided Legally Sufficient Reasons for Discrediting Plaintiff's Subjective Complaints</u>

Plaintiff also contends that the ALJ failed to properly consider her subjective complaints of back pain. ECF No. 16 at 2.

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341,

5

344 (9th Cir. 1991) (en banc). If there is objective medical evidence of impairment, the ALJ may then consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. *See id*. at 345-347. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. *Smolen*, 80 F.3d at 1284. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. *See Flaten v. Secretary of HHS*, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, *see Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. *Marcia v. Sullivan*, 900 F.2d 172, 177 n. 6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan*, 169 F.3d at 599.

Plaintiff testified that she is unable to work due to back pain. AR 66. She stated that she experiences daily back pain, which persists for the majority of the day. *Id*. at 54. Her pain also occasionally shoots down her legs or up to her neck. *Id*. at 69. She takes Norco, Tylenol, and Tramadol for her pain, which allows her to get dressed, cook, clean, and catch the bus. *Id*. at 56-58. She stated that she could sit for about two hours while on medication, but would then need a five minute stretch break. *Id*. at 61-61. She also testified that with her medication she could walk about a mile, or for 30 to 60 minutes. *Id*. at 61-62.

The ALJ determined that plaintiff's allegations that she could not work due to back pain were not fully credible, first finding that they were inconsistent with plaintiff's reported daily activity. *Id*. at 20. The ALJ noted plaintiff's testimony that she cares for her 12-year-old son and her sisters' kids, ages six and eight. *Id*. at 49-52, 58. She also reported that she is able to manage

her personal care, go shopping, and perform housework, such as cleaning, doing laundry, mowing the lawn[2], and picking up garbage. *Id*. at 226-227, 242. Plaintiff also reported that she goes outside almost every day, and that she is able to use public transportation. *Id*. at 244. She also testified that she attends church on Sundays, Tuesdays, and Fridays, but if the church has a convention she is typically there five days a week for several hours a day.[3] AR 64.

The ALJ reasonably concluded that these activities were inconsistent with plaintiff's allegations of debilitating back pain. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir.2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[I]f a claimant engages in numerous daily activities involving skills that could be transferred to the workplace, the ALJ may discredit the claimant's allegations upon making a specific findings related to those activities.").

The ALJ also permissibly discounted plaintiff's allegations of debilitating impairments based on her sporadic work history and evidence that she stopped working because her job was seasonal, and not due to physical or mental impairments. AR 20, 195; *see* 20 C.F.R. § 416.929(c)(3) (in evaluating pain the Commissioner will consider, among other things, prior work record); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ properly found poor work history and lack of propensity to work in lifetime negatively affected claimant's credibility regarding her inability to work); *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992) (ALJ

---

[2] In support of her motion to remand, plaintiff submitted a letter from the manager of the apartment complex where she lives. ECF No. 16. The letter, which is dated May 28, 2015, after the date of the ALJ's decision, indicates that plaintiff has never performed any landscaping for the complex. This evidence is not part of the administrative record and was not considered by the ALJ. In any event, plaintiff reported in an exertional questionnaire that she is able to mow a lawn. *See* AR 227. Accordingly, the ALJ's finding that plaintiff could perform such a tasks is supported by substantial evidence.

[3] Plaintiff also submitted a letter from her church, indicating that she does not attend church as much as she used to. The letter also postdates the ALJ's decision and is not part of the administrative record. The ALJ's finding that she regularly attended church accurately reflects her testimony and is therefore supported by substantial evidence. *See* AR 64.

properly reduced credibility based on evidence that plaintiff "did not lose her past two jobs because of pain.").

Lastly, the ALJ also observed that Dr. Amon and Dr. Martin, both non-examining physicians, concluded that plaintiff did not have a physical medical determinable impairment. AR 17, 83, 97. Accordingly, the ALJ properly discounted plaintiff's subject complaints and found that plaintiff did not have any physical limitations.

Plaintiff, however, also contends that the ALJ failed to consider her allegations of serious side effects from her medications. ECF No. 16 at 2. Plaintiff bears the burden of demonstrating that her medication caused a debilitating impairment. *See Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1995). To meet this burden, a claimant must provide "evidence of side effects severe enough to interfere with [her] ability to work." *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001). As noted by the ALJ, plaintiff alleged that her medications cause drowsiness, but that allegation was not corroborated by her medical records. AR 21. There is no evidence demonstrating that her medications inferred with her ability to work. In fact, plaintiff's own testimony indicates that her medications improved her ability to function. *Id*. at 60-62.

Accordingly, the ALJ did not err in rejecting plaintiff's subjective complaints.

C.     The ALJ Properly Relied on the Vocational Expert's Testimony

Plaintiff also appears to argue that the ALJ erred by failing to accept the vocational expert's testimony that an individual "who [could] less than occasionally process and retain information" would be unable to work. ECF No. 16 at 6; *see* AR 77. The ALJ, however, did not find that plaintiff had such a limitation, and therefore was free to reject testimony based on that restriction. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001) ("Nor was the ALJ bound to accept as true the restrictions set forth in the second hypothetical question if they were not supported by substantial evidence. An ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.").

/////

/////

/////

8

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for remand is denied;
2. The Commissioner's motion for summary judgment is granted; and
3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: September 19, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE